

NUMBER 13-07-407-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT GODWIN,**                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

## On appeal from the 36th District Court of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

By three issues, appellant, Robert Godwin, challenges the revocation of his deferred adjudication community supervision. We dismiss the appeal.

Without a plea bargain agreement, appellant pleaded nolo contendere to the felony offense of indecency with a child.[1] On February 7, 2005, the trial court deferred

---

[1] *See* TEX. PENAL CODE ANN. § 22.11 (Vernon 2003).

adjudication and placed appellant on community supervision for six years. On April 11, 2007, the State filed a motion to revoke community supervision, alleging that appellant had violated the terms of his community supervision. On May 25, 2007, the trial court held a hearing on the State's motion. Appellant pleaded "not true" to the State's allegations. After hearing the State's evidence, the trial court adjudicated appellant guilty, revoked his community supervision, and sentenced him to eight years' imprisonment.

In three issues, appellant contends (1) the trial court erred in admitting certain evidence at his adjudication hearing; (2) at the adjudication hearing, the trial court improperly considered his failure to admit guilt, which violated his constitutional right against self-incrimination; and (3) the State failed to prove he violated the terms of his community supervision by a preponderance of the evidence.

The hearing on the State's motion to revoke was held on May 25, 2007, prior to the June 15, 2007 effective date of the amendment to article 42.12, section 5(b) of the code of criminal procedure, which now allows an appeal from the determination to adjudicate.[2] Therefore, the pre-amendment version of article 42.12, section 5(b) applies, which provides that no appeal may be taken from a trial court's determination to proceed with adjudication of guilt.[3] Accordingly, appellant is statutorily barred from challenging the trial court's determination to proceed with adjudication of his guilt.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2007).

[3] *See* Acts 2007, 80th Leg., ch. 1308 §§ 5–9, effective June 15, 2007; *Davis v. State*, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); *Hogans v. State*, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (noting that under former article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt).

We dismiss the appeal for want of jurisdiction.[4]



LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 14th day of August, 2008.

---

[4] *See Hogans*, 176 S.W.3d at 832; *Koba v. State*, No. 11-07-00198-CR, 2008 Tex. App. LEXIS 3493, at *2-3 (Tex. App.–Eastland May 15, 2008, no pet.) (mem. op., not designated for publication).